**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BREAH BEDFORD and SIMONE JONES,<br><br>Plaintiffs,<br><br>v.<br><br>CHICAGO POLICE OFFICER BRANDON DEWITT, STAR # 11874; CHICAGO POLICE OFFICER COLIN PATTERSON, STAR #15041; CHICAGO POLICE OFFICER HECTOR GALVAN # 13313 Individually and as Employees/Agents of the City of Chicago; THE CITY OF CHICAGO, a Municipal Corporation; PLEWA & PLEWA ENTERPRISES, LLC, d/b/a BIG CITY TAP; JOSEPH T. PLEWA, Individually and as an Employee/Agent of PLEWA & PLEWA ENTERPRISES, LLC, d/b/a BIG CITY TAP,<br><br>Defendants. | ) | Case No. 19-CV-1<br><br>The Honorable<br><br>Judge Presiding<br><br>Magistrate |

**COMPLAINT AT LAW**

NOW COMES the PLAINTIFFS, BREAH BEDFORD and SIMONE JONES, by their attorneys, THE LAW OFFICES OF JEFFREY J. NESLUND, and ROBERTSON DURIC, complaining of the DEFENDANTS, CHICAGO POLICE OFFICERS BRANDON DEWITT, STAR #11874, COLIN PATTERSON # 15041, and HECTOR GALVAN # 13313, individually and as employees/agents of the CITY of CHICAGO, THE CITY OF CHICAGO, a Municipal Corporation, PLEWA & PLEWA ENTERPRISES, LLC, d/b/a BIG CITY TAP and JOSEPH T. PLEWA, Individually and as an Employee/Agent of PLEWA & PLEWA ENTERPRISES, LLC, d/b/a BIG CITY TAP, and pleading in the alternative, states as follows:

## INTRODUCTION

1. This is an action for civil damages brought under Illinois State law and 42 U.S.C. Sec. 1983 for the deprivation of PLAINTIFFS constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331, 1343 and 1367.

2. PLAINTIFFS BREAH BEDFORD and SIMONE JONES are individuals who on and before June 24, 2018 were living in the Northern District of Illinois.

3. On and prior to June 24, 2018, DEFENDANT, PLEWA & PLEWA ENTERPRISES, LLC, was an Illinois corporation doing business within the Northern District of Illinois as BIG CITY TAP, a bar and restaurant located at 1010 W. Belmont Avenue, Chicago, Cook County, Illinois.

4. On June 24, 2018, DEFENDANT JOSEPH T. PLEWA was the owner of the bar and restaurant known as the BIG CITY TAP located at 1010 W. Belmont Avenue, Chicago, Cook County, Illinois and manager of PLEWA & PLEWA ENTERPRISES, LLC, doing business as the BIG CITY TAP.

5. On June 24, 2018, DEFENDANTS CHICAGO POLICE OFFICERS BRANDON DEWITT, STAR #11874, COLIN PATTERSON # 15041 and HECTOR GALVAN # 13313 (herein after referred to as "DEFENDANT OFFICERS") were employed by DEFENDANT CITY OF CHICAGO and were acting under color of law as Chicago Police Officers.

6. On and prior to JUNE 24, 2018, DEFENDANT, CITY OF CHICAGO, was a municipal corporation, organized under the laws of the State of Illinois.

## COMMON ALLEGATIONS

7. On June 24, 2018, PLAINTIFFS, BREAH BEDFORD and SIMONE JONES attended the Pride Parade with a group of friends and were lawfully on a public sidewalk on W. Belmont Avenue in Chicago.

8. On June 24, 2018, DEFENDANT PLEWA & PLEWA ENTERPRISES, LLC by and through their duly authorized agents, servants, and employees, including DEFENDANT JOSEPH T. PLEWA, owned, operated, managed and controlled the premises located at 1010 W. Belmont, Avenue, Chicago, Cook County, Illinois known as BIG CITY TAP.

9. On said date and location, DEFENDANT JOSEPH T. PLEWA, told PLAINTIFFS BREAH BEDFORD, SIMONE JONES and their friends, who were all African Americans, to move down the sidewalk away from the entrance of the BIG CITY TAP.

10. PLAINTIFFS complied with DEFENDANT JOSEPH T. PLEWA's request and moved westbound on the public sidewalk on Belmont Avenue away from the entrance of the BIG CITY TAP.

11. DEFENDANT JOSEPH T. PLEWA continued to order the PLAINTIFFS and their friends to move farther down the block on Belmont Avenue. When the PLAINTIFFS questioned why they had to move farther down the block on a public sidewalk, DEFENDANT JOSEPH T. PLEWA called the PLAINTIFFS "black bitches" and other racial slurs, telling the PLAINTIFFS it was "time to go back to the south side."

12. DEFENDANT JOSEPH T. PLEWA, who is approximately 6'3 and 280 lbs., then battered PLAINTIFF SIMONE JONES, who is 5'2 and 95 lbs., by punching her in the face, resulting in injuries, including a severe left eye contusion and split lip.

13. DEFENDANT JOSEPH T. PLEWA then dragged SIMONE JONES down the sidewalk back towards the entrance of the BIG CITY TAP.

14. DEFENDANT OFFICERS DEWITT, PATTERSON and GALVAN arrived on the scene as DEFENDANT PLEWA was kneeling on top on PLAINTIFF JONES.

15. DEFENDANT OFFICER DEWITT immediately grabbed PLAINTIFF BREAH BEDFORD, who is approximately 5’0 and 90 lbs., and violently slammed her to the ground.

16. After being slammed to the ground by DEFENDANT OFFICER DEWITT, PLAINTIFF BEDFORD had a seizure and was transported by ambulance to Illinois Masonic Medical Center.

17. PLAINTIFF SIMONE JONES was arrested by DEFENDANT OFFICERS GALVAN and PATTERSON, despite the fact she had obvious injuries and there was no probable cause to believe she had committed a crime against DEFENDANT PLEWA or anyone else.

18. In an effort to cover up the battery of SIMONE JONES by DEFENDANT PLEWA and the excessive and unnecessary force utilized by DEFENDANT OFFICER DEWITT on BREAH BEDFORD, the DEFENDANT OFFICERS conspired with DEFENDANT PLEWA to falsely charge the PLAINTIFFS with the offense of misdemeanor battery.

19. The DEFENDANTS OFFICERS prepared criminal complaints, signed by DEFENDANT PLEWA, as employee/agent of DEFENDANT PLEWA & PLEWA ENTERPRISES, LLC, d/b/a BIG CITY TAP, initiating the criminal prosecution of the PLAINTIFFS.

20. None of the DEFENDANT OFFICERS provided any medical assistance to PLAINTIFF SIMONE JONES, despite the fact she had obvious injuries, including a split lip and left eye that was swollen shut.

21. On December 12, 2018, the PLAINTIFFS were found not guilty of all the criminal charges initiated by the DEFENDANT OFFICERS and DEFENDANT PLEWA.

**COUNT I**
**42 U.S.C. § 1983: Excessive Force**
(*Defendant Officer Dewitt*)

22. PLAINTIFFS re-allege and incorporate paragraphs 1-21 above.

23. The acts of the DEFENDANT OFFICER BRANDON DEWITT were a deliberate and malicious deprivation of the PLAINTIFF BREAH BEDFORD'S constitutional rights against excessive force as guaranteed to the Plaintiff by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

24. As a result of the unreasonable and unjustifiable excessive force used by the DEFENDANT DEWITT, Plaintiff BREAH BEDFORD suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. §1983.

**COUNT II**
**42 U.S.C. § 1983: False Arrest/Unlawful Detention**
*(Defendant Officers)*

25. PLAINTIFFS re-allege and incorporate paragraphs 1-21 above.

26. As described above, DEFENDANT OFFICES falsely arrested and unlawfully detained PLAINTIFFS without justification and without probable cause.

27. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of the PLAINTIFFS.

28. As a result of the above-described wrongful infringement of PLAINTIFF'S rights, PLAINTIFFS suffered damages, including, but not limited to, physical incarceration and severe emotional and mental distress and anguish.

**COUNT III**
**Failure To Provide Medical Attention**
*(Defendant Officers)*

29. PLAINTIFF JONES re-alleges and incorporates paragraphs 1-21 above.

30. After PLAINTIFF JONES was beaten by DEFENDANT PLEWA, the DEFENDANT OFFICERS knew the PLAINTIFF JONES was in need of medical assistance.

31. The conduct of the DEFENDANT OFFICERS in failing to provide medical assistance was unreasonable and deliberately indifferent to the obvious medical needs of PLAINTIFF JONES.

32. The DEFENDANT OFFICERS' misconduct caused physical and emotional harm and suffering to the PLAINTIFF JONES, including unnecessary physical pain and suffering, in violation of her constitutional rights.

**COUNT IV**
**Conspiracy Claims**
*(All Defendants)*

33. PLAINTIFFS re-allege and incorporate paragraphs 1-21 above.

34. The DEFENDANT OFFICERS conspired with each other and DEFENDANT PLEWA and other agents of DEFENDANT PLEWA & PLEWA ENTERTAINMENT LLC to cover up the assault and battery by DEFENDANT JOSEPH T. PLEWA on PLAINTIFF JONES and the excessive use of force by OFFICER DEWITT on PLAINTIFF BEDFORD. The DEFENDANTS and their agents/employees took overt acts in furtherance of this conspiracy, which included:

a.) filing false criminal complaints against the PLAINTIFFS;
b.) writing false, misleading and incomplete police reports;
c.) providing false statements to prosecutors; and
d.) making false statements under oath in the criminal trial.

35. The DEFENDANT OFFICERS acted in concert with each other to deprive PLAINTIFFS of their rights under Illinois law and their rights guaranteed by the U.S. constitution.

36. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the PLAINTIFFS.

37. The misconduct described in this Count was undertaken by DEFENDANT JOSEPH T. PLEWA was within the scope of his employment as an employee and/or agent of PLEWA & PLEWA ENTERPRISES, LLC, d/b/a BIG CITY TAP, such that DEFENDANT PLEWA & PLEWA ENTERPRISES, LLC is liable for his actions under the doctrine of *respondeat superior*.

## **COUNT V**
## ***NEGLIGENCE***
*(Defendant PLEWA & PLEWA ENTERPRISES, LLC, d/b/a BIG CITY TAP)*

38. PLAINTIFFS re-allege and incorporate paragraphs 1-21 above.

39. DEFENDANT PLEWA & PLEWA ENTERPRISES, LLC, through its agents and employees, including DEFENDANT JOSEPH T. PLEWA, at all times had a duty to exercise due care and caution to avoid causing injury to citizens who encountered their security personnel, including the PLAINTIFFS.

40. Notwithstanding this duty, DEFENDANT PLEWA & PLEWA ENTERPRISES, LLC, through its actual or apparent agents/employees, including DEFENDANT JOSEPH PLEWA, was guilty of one or more of the following careless and negligent acts and/or omissions:

a.) negligently attempted to control and force citizens, including the PLAINTIFFS to vacate the sidewalk in front of the premises;

b.) negligently attempted to handle, control, and/or restrain the PLAINTIFFS, resulting in injuries;

c.) failed to properly instruct and/or train employees/agents, including DEFENDANT PLEWA, to ensure citizens encountered by security personnel were not injured;

d.) failed to hire personnel who were qualified to protect, handle, control, detain and/or make safe, its premises to avoid injuries to PLAINTIFFS;

e.) failed to establish any policies or protocols to ensure that security personnel did not injure citizens such as the PLAINTIFFS;

f.) failed to provide the PLAINTIFF JONES with any medical attention;

g.) negligently retained DEFENDANT JOSEPH T. PLEWA, despite abuse to female patrons and citizens of color such as the PLAINTIFFS;

h.) was otherwise careless and negligent in the maintenance, control and/or handling of its premises.

41. That as a direct and proximate result of the aforesaid acts and/or omissions of the DEFENDANT, PLEWA & PLEWA ENTERPRISES, LLC, d/b/a BIG CITY TAP, the

PLAINTIFFS sustained severe injuries, incurred medical and hospital expenses, were prevented from attending to their usual affairs and duties and suffered great pain and anguish both in mind and body.

**COUNT VI**
**NEGLIGENCE**
*(Defendant Joseph T. Plewa)*

42. PLAINTIFFS re-allege and incorporate paragraphs 1-21 above.

43. That DEFENDANT, JOSEPH T. PLEWA, at all times had a duty to exercise due care to avoid causing injury to the PLAINTIFFS.

44. That notwithstanding its duty, at the aforesaid time and place, the DEFENDANT, JOSEPH T. PLEWA, individually, and as employee/agent of DEFENDANT PLEWA & PLEWA ENTERPRISES, LLC, d/b/a BIG CITY TAP was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

a.) negligently attempted to control and force citizens, including the PLAINTIFFS to vacate the sidewalk in front of the premises;

b.) negligently attempted to handle, control, and/or restrain the PLAINTIFFS, resulting in injuries;

c.) failed to hire personnel who were qualified to protect, handle, control, detain and/or make safe, its premises to avoid injuries to PLAINTIFFS;

d.) failed to establish any policies or protocols to ensure that security personnel did not injure citizens such as the PLAINTIFFS;

e.) failed to provide the PLAINTIFF JONES with any medical attention;

f.) was otherwise careless and negligent in the detention and handling of the PLAINTIFF SIMONE JONES.

45. The misconduct of this Count was undertaken by DEFENDANT JOSEPH T. PLEWA in his capacity as an employee/agent of DEFENDANT PLEWA & PLEWA

ENTERPRISES, LLC, d/b/a BIG CITY TAP such that DEFENDANT PLEWA & PLEWA ENTERPRISES, LLC, d/b/a BIG CITY TAP is responsible for his conduct under the doctrine of *respondeat superior.*

46. That as a direct and proximate result of the aforesaid acts and/or omissions of the DEFENDANT JOSEPH T. PLEWA, the PLAINTIFFS sustained severe injuries, incurred medical and hospital expenses, were prevented from attending to their usual affairs and duties and suffered great pain and anguish both in mind and body.

## COUNT VII
## ASSAULT and BATTERY
*(Defendant Joseph T. Plewa)*

47. PLAINTIFFS re-allege and incorporate paragraphs 1-21 above.

48. That on June 24, 2018, DEFENDANT JOSEPH T. PLEWA, with intent to do bodily harm to PLAINTIFF SIMONE JONES, did severely harm, assault and batter the PLAINTIFF JONES by striking her in the face, dragging her on the sidewalk and placing his knee on her head and body in front of the BIG CITY TAP.

49. That the aforesaid assault was willful and wanton and maliciously made by DEFENDANT JOSEPH T. PLEWA.

50. The misconduct of this Count was undertaken by DEFENDANT JOSEPH T. PLEWA in his capacity as an employee/agent of DEFENDANT PLEWA & PLEWA ENTERPRISES, LLC, d/b/a BIG CITY TAP such that DEFENDANT PLEWA & PLEWA ENTERPRISES, LLC, d/b/a BIG CITY TAP is responsible for his conduct under the doctrine of *respondeat superior.*

51. That as a direct and proximate result of these actions of the DEFENDANT JOSEPH T. PLEWA, PLAINTIFF SIMONE JONES sought medical care and treatment for her injuries and suffered pain and suffering and other injuries of a personal and pecuniary nature.

## COUNT VIII
## MALICIOUS PROSECUTION
*(All Defendants)*

52. PLAINTIFFS re-allege and incorporate paragraphs 1-21 above.

53. PLAINTIFFS were improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in PLAINTIFFS favor in a manner indicative of innocence.

54. The DEFENDANTS accused PLAINTIFFS of specific criminal activity, knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

55. Statements and official reports of the DEFENDANTS regarding PLAINTIFF's alleged culpability were made with knowledge that the statements were false, incomplete and/or perjured.

56. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of the PLAINTIFFS.

57. As a result of the above-described wrongful infringement of PLAINTIFFS rights, they suffered financial and other damages, including but not limited to substantial physical and mental stress and anguish.

58. The misconduct described in this Count was undertaken by DEFENDANT JOSEPH T. PLEWA was within the scope of his employment such that his employer, DEFENDANT PLEWA & PLEWA ENTERPRISES, LLC, d/b/a BIG CITY TAP, is liable for his actions under the doctrine of *respondeat superior.*

59. The misconduct described in this Count was undertaken by DEFENDANT OFFICERS DEWITT, PATTERSON and GALVAN was within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions under the doctrine of *respondeat superior.*

## COUNT IX
## INTENTIONAL INFLICTION OF EMOTION DISTRESS
*(Defendants Joseph T. Plewa and Officer Dewitt)*

60. PLAINTIFFS re-allege and incorporate paragraphs 1-21 above.

61. The misconduct of DEFENDANTS JOSEPH T. PLEWA in beating PLAINTIFF SIMONE JONES and OFFICER DEWITT'S violent and unnecessary force against PLAINTIFF BREAH BEDFORD, then falsely charging both PLAINTIFFS with criminal acts as set forth above were extreme and outrageous.

62. DEFENDANTS JOSEPH T. PLEWA and OFFICER DEWITT intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to the PLAINTIFFS.

63. The conduct and actions of DEFENDANTS JOSEPH T. PLEWA and OFFICER DEWITT did directly and proximately cause severe emotional distress to the PLAINTIFFS, and thereby constituted intentional infliction of emotional distress upon the PLAINTIFFS.

64. The misconduct described in this Count was undertaken by DEFENDANT OFFICER DEWITT was within the scope of his employment such that their employer, CITY OF CHICAGO, is liable for his actions under the doctrine of *respondeat superior.*

65. The misconduct described in this Count was undertaken by DEFENDANT JOSEPH T. PLEWA was within the scope of his employment such that his employer, DEFENDANT PLEWA & PLEWA ENTERPRISES, LLC, d/b/a BIG CITY TAP, is liable for his actions under the doctrine of *respondeat superior.*

## COUNT X
## INDEMNIFICATION
*(Defendant City of Chicago)*

66. PLAINTIFF re-alleges and incorporates paragraphs 1-21 above.

67. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

68. The DEFENDANT OFFICERS are or were employees of the CITY of CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

## REQUEST FOR RELIEF

69. PLAINTIFFS BREAH BEDFORD and SIMONE JONES respectfully requests that the Court:

a. Enter a judgment in her favor and against all DEFENDANTS;

b. Award compensatory damages and costs against all DEFENDANTS;

c. Award attorney’s fees against all DEFENDANTS;

d. Award punitive damages against all individual DEFENDANTS; and

e. Grant any other relief this Court deems just and appropriate.

**<u>JURY DEMAND</u>**

70. PLAINTIFFS BREAH BEDFORD and SIMONE JONES demand a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

<u>/s/ Jeffrey J. Neslund</u>
One of Plaintiff's attorneys

JEFFREY J. NESLUND
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive, Suite 3710
Chicago, IL 60606
(312) 223-1100

ROBERT ROBERTSON
Robertson Duric
One N. La Salle St.
Suite 300
Chicago, Illinois 60602
(312) 223-8600